WILLIAM A. GASTON & others *vs.* BOSTON PENNY SAVINGS BANK.

Suffolk. March 7, 1919. — April 22, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Pledge. Contract,* Construction. *Bills and Notes. Interest. Words,* "Maturity."

A borrower from a bank gave it his promissory note payable in twelve months for the amount borrowed with a pledge of securities, the note providing that interest thereon should be paid semiannually in advance and that, in case the borrower made a general assignment for the benefit of his creditors, "this note" should "become due and payable immediately, anything herein to the contrary notwithstanding," the borrower promising "to pay the same immediately," in

default of which the securities might be sold, the net proceeds of the sale "to be applied to the payment of any or all the liabilities aforesaid, with interest thereon to maturity." The interest was paid for the first six months in advance. During the first six months' period of the note the borrower made an assignment for the benefit of his creditors, and the bank sold the securities and retained from the net proceeds of the sale enough to cover the principal of the note and interest for the second six months' period. In an action by the assignees in bankruptcy of the borrower against the bank, it was *held,* that the plaintiffs were entitled to recover such a proportion of the interest, paid in advance for the first six months' period, as corresponded to the portion of the first six months not yet expired at the date of the sale of the securities, and the whole of the interest for the second six months' period, the word "maturity" in the agreement referring to the time when, by reason of the assignment, the principal and interest became due and payable.

CONTRACT by the assignees for the benefit of creditors of Eugene N. Foss for $609.56 alleged wrongfully to have been withheld by the defendant from the sale of securities pledged to it to secure a note, hereinafter described. The third count of the declaration was for "money received by the defendant to the plaintiffs' use." Writ in the Municipal Court of the City of Boston dated March 21, 1918.

The note in question was as follows:

"BOSTON, MASS., July 6th, 1917

$25000.00

For value received, I, E. N. Foss, promise to pay the Boston Penny Savings Bank, or order, at any Bank in Boston, Twenty-five thousand Dollars, in twelve (12) months from date, with interest at the rate of 5¾ per centum per annum, payable semi-annually in advance, and as collateral security for the payment of this or any other direct or indirect liability or liabilities of ours to the holder hereof, due or to become due or that may hereafter be contracted, we have deposited with, and hereby pledge to said Institution the following property, viz.: 100 shrs. Boston Elv. Ry. Co.: 100 shrs. Erie Common: 400 shrs. Long Island R. R. Co.: 1080 shrs. East Boston Co.

And we hereby agree that whenever the market value of said securities, or of any securities that may at any time be held as collateral, according to the public quotations or in the opinion of the President or Treasurer of said Institution shall fall below the sum of Thirty thousand dollars, we will immediately deposit with, and pledge to said Institution additional securities or substitute

other securities for those herein named, or for any securities that have been previously substituted for those herein named, sufficient to make the whole equal, in market value, according to the public quotations and in the opinion of said President or Treasurer, to that sum, and satisfactory to the President or Treasurer or anyone acting on behalf of said Institution, such securities to be held upon the same terms as those above described. In case we fail so to do or a petition in bankruptcy be filed by or against us, or we make a general assignment for the benefit of our creditors, or we sell out our business, or any one of our partners withdraws from our firm, or our authority to pledge any of the securities held as collateral be denied, this note shall become due and payable immediately, anything herein to the contrary notwithstanding, and we hereby promise to pay the same immediately, and in case of the nonperformance of this promise or on the nonpayment of any of the liabilities aforesaid, we hereby authorize and empower the said President or Treasurer or anyone acting on behalf of said Institution to sell any or all of the securities then held, on that day or on any later day, at his option, either by public or private sale, or at any Broker's Board, without advertisement or giving notice to the undersigned or any other person; it being mutually agreed that the President or Treasurer of said Institution, or anyone acting on its behalf, or said Institution, may purchase at said sale; that the proceeds of said sale after deducting all costs and expenses are to be applied to the payment of any or all the liabilities aforesaid, with interest thereon to maturity; and that the balance of money or any securities which then remain unsold (if any) shall be returned to us or our legal representatives. And it is hereby agreed that any notice sent by mail to our place of business or residence shall be deemed to have been received by us in the usual course of mail and that all authority and power given above is also hereby given to any holder or holders of this note, and may be exercised by them or by anyone acting on their behalf as well as by the said President or Treasurer or anyone acting on behalf of said Institution and shall apply to any securities that may be substituted for or added to those above described. And it is further agreed that the said President or Treasurer or anyone acting on behalf of said Institution may at any time before the maturity of this note demand the payment of the whole or any portion of

said money, provided the same, in the judgment of the said President or Treasurer or anyone acting on behalf of said Institution, is wanted to pay depositors, and we hereby agree to promptly make such payment should such demand be made.

[Signed]   E. N. Foss."

The case was heard upon an agreed statement of facts substantially as follows:

On July 6, 1917, Eugene N. Foss borrowed $25,000 from the defendant, giving to it the above note and the securities therein described. The interest for the first six months was discounted in advance by Mr. Foss at the time the loan was made, and an indorsement to that effect then was made on the back of the note. On November 9, 1917, Mr. Foss made a general assignment to the plaintiffs for the benefit of his creditors. Shortly thereafter, in the exercise of the power given by the note, the defendant sold the securities pledged as collateral, realizing from the sale the sum of $25,471.40. No question was raised as to the right of the defendant to sell the securities pledged as collateral. The defendant applied the proceeds of the sale to the payment of the interest for the second six months' period and to the payment of the principal of the note, the defendant contending as a matter of law that its application of the proceeds from the sale of the collateral in this manner was provided for in the special form of note. The sum received from the sale was insufficient to pay both the principal and the interest for the second six months.

The plaintiffs, as assignees, claimed $471.40, being that part of the proceeds of the sale of the pledged securities retained by the defendant on account of the interest for the second six months, and also $138.16, being the proportional part of the interest for the first six months' period discounted in advance, namely, for the period from the date of sale of the securities to the expiration of the first six months' period of the note.

In the Municipal Court the judge found for the plaintiffs in the sum of $615.95 and, at the request of the defendant, reported the case to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*J. L. Dyer*, for the defendant.

*D. F. Carpenter*, for the plaintiffs.

PIERCE, J.    The case is before this court on appeal from a final order "Report dismissed" of the Appellate Division of the Municipal Court of the City of Boston. The case was submitted on an agreed statement of facts. The defendant asked the presiding judge to rule as a matter of law that the defendant was entitled on the facts to a finding in its favor. This the judge declined to do and found for the plaintiffs on the first and second counts in the sum of $615.95, and reported the case to the Appellate Division.

The agreed facts disclose that Mr. Foss borrowed $25,000 from the defendant, secured by a pledge of certain securities. The note was dated July 6, 1917, and was payable in twelve months from date "with interest at the rate of 5¾ per centum per annum, payable semi-annually in advance." In conformity with the terms of the note the interest for the first six months was paid in advance. The note provided that the due and demandable time of payment fixed therein should be accelerated upon the happening of certain specified events. So far as is material to the issue now presented that provision reads: "In case . . . we make a general assignment for the benefit of our creditors . . . this note shall become due and payable immediately, anything herein to the contrary notwithstanding, and we hereby promise to pay the same immediately, and in case of the non-performance of this promise . . . we hereby authorize and empower . . . [the defendant] . . . to sell any or all of the securities then held . . . it being mutually agreed . . . that the proceeds of said sale after deducting all costs and expenses are to be applied to the payment of any or all the liabilities aforesaid, with interest thereon to maturity; . . ." Mr. Foss made a general assignment to the plaintiffs for the benefit of creditors on November 7, 1917. Shortly thereafter, in the exercise of the power given by the note, the bank sold the securities pledged and realized therefrom a sum insufficient to pay the principal and the interest for the second six months. The bank applied the proceeds to the payment of the principal debt, and to the payment of the interest so far as the money received went.

It contends that the obligation of Mr. Foss on making the assignment was not to pay the principal debt immediately, but was to pay that debt and a definite amount of interest which did not accrue from day to day but was "reserved by contract for the use

of the particular fund for a twelve months' period and represented a present debt — an established liability." In a word, that a fair construction of the contract is that the maker of the note agrees to pay for the loan of the money at once, a sum of money equal to six months' interest on the principal; and on a general assignment for the benefit of creditors the principal sum and a further sum of money equal to six months' interest on the principal debt. The defendant further contends that this is not a case where the payee has exercised an option to call the principal debt and by that act has made the debt due and payable immediately, because, he argues, by the terms of the instrument itself "this note," not the principal, becomes due and payable immediately on the happening of the event, and that the additional words "'with interest thereon to maturity,' import an additional payment to be made by the maker, and unless these words are held to carry interest on the liability to the maturity date of the primary contract, they are given no meaning at all and may as well have been omitted from the instrument."

We are of opinion the provisions of the note as to the payment of interest are to be taken in their common signification, and import that the payee is entitled to as much interest at the rate mentioned as shall accrue until the note is paid. And we are also of opinion that the words "with interest thereon to maturity," as used in the provision "that the proceeds of said sale after deducting all costs and expenses are to be applied to the payment of any or all the liabilities aforesaid, with interest thereon to maturity," have reference to the accrual of interest after the liabilities, that is, principal and interest, in the note have been determined by the happening of any one of the contingencies specified in the note.

We do not assent to the contention of the defendant that a secondary contract to pay the principal sum and an "amount of interest reserved by contract for the use of the particular fund" came into existence upon the assignment by reason of the expression "this note" shall become due, instead of the more common phrase "all sums due."

We are of opinion that the principal debt with accrued interest thereon became payable and demandable when the assignment was made on November 9, 1917. We are of the further opinion that when the debt was paid, the incidental obligation to pay

interest thereon came to an end in the absence of any express agreement to continue to pay it thereafter.

The plaintiffs, under the third count of their declaration, are entitled to recover the excess of interest paid in advance for the use of the money, and also that part of the money retained from the proceeds of the sale of the securities on account of the interest accruing on the note from January 6, 1918, to July 6, 1918.

*Order dismissing report affirmed.*